**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Jon David Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 5155 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| | ) | |
| Daniel Dyslin, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [4] is denied without prejudice. Plaintiff must file a renewed *in forma pauperis* application that accurately discloses his finances for the past year (*i.e.*, from July 27, 2018, to the present). Alternatively, he may pay the full $400 filing fee in advance. If Plaintiff does not comply by October 1, 2019, this action will be summarily dismissed. Plaintiff is advised that he must promptly advise the Clerk if his address changes. If he does not do so, this case will be subject to dismissal. The Clerk is directed to forward a copy of the Court's *in forma pauperis* application for non-incarcerated persons to Plaintiff. Plaintiff's motion seeking attorney representation [6] is denied without prejudice to renewal after Plaintiff resolves his fee status.

## STATEMENT

Plaintiff Jon David Johnson, who indicates that he is not presently incarcerated, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against employees of the Elgin Mental Health Center and a judge related to events that occurred during criminal proceedings in 2018. Plaintiff seeks leave to proceed *in forma pauperis* (IFP). (Dkt. 4.) Plaintiff directed that his mail be sent to a post office box (Dkt. 1-1), indicates that he currently does not have a stable address, present employment or savings (Dkt. 5), and denies having received any income over $200 from any source in the preceding twelve months.

The Prison Litigation Reform Act (PLRA), requires that all "prisoners" (defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal laws or the terms and conditions of parole) pay the filing fee for civil cases or appeals that they initiate. *See* 28 U.S.C. §§ 1915(b)(1), (h). As Plaintiff was not incarcerated or detained when he filed this lawsuit, he is not subject to the PLRA. *See Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (looking to inmate's custodial status at the time that a lawsuit is initiated).

This does not mean, however, that Plaintiff is exempt from paying a filing fee. The filing fee for a new civil rights action is $400. Generally, a person must demonstrate indigence to avoid full prepayment and must even then pay what he is able toward the filing fee. *See Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (commending district court's use of "the PLRA's formula as a matter of discretion for setting a partial fee when the PLRA does not apply of its own force" because "every litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible"); *Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) ("A court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so.")).

In other words, the Court will not necessarily waive the filing fee. Instead, the Court will exercise its discretion and consider whether to calculate a partial fee based on the PLRA's formula, which instructs that an initial partial filing fee shall be "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). If a partial fee is assessed, Plaintiff will be required to pay that amount before the Court will consider whether the complaint or any portion of it must be dismissed under 28 U.S.C. § 1915(e)(2)(B). The Court does not anticipate that Plaintiff would be required to make additional payments toward the filing fee in this case. *Longbehn*, 169 F.3d at 1083.

Here, Plaintiff's application discloses no income from any source in the past twelve months--it thus provides no indication of how Plaintiff has been supporting himself or procuring basic necessities of life. Although Plaintiff explains that he does not, right now, have a job or a steady address, this does not alone answer the questions as to his income (or how he was supporting himself) for the entire preceding year.

Accordingly, if Plaintiff wants the Court to consider whether he may proceed IFP, he must carefully complete the Court's *in forma pauperis* application for non-incarcerated persons, which the Clerk will supply. Specifically, he must accurately disclose his finances for the past twelve months (*i.e.*, from July 27, 2018, to the present), including gifts or deposits he received while detained in any facility, so the Court may assess overall financial condition and ability to pay as set forth above. He is, of course, free to indicate whether and in what way his financial circumstances have changed in the past year. Plaintiff must also provide information about how he is currently supporting himself and obtaining the basic necessities of life and, if applicable, paying for a post office box--for example, assistance from family, public assistance or other support. He must ensure that he fills out the application completely and accurately, under penalty of perjury, and must disclose all current assets and income received during the past year—checking "not applicable" in response to all of questions about his finances or providing incomplete answers is insufficient. Plaintiff is cautioned that any false or inadequate answers will subject this case to dismissal. Alternatively, Plaintiff may pay the full $400 filing fee. If Plaintiff does not comply by the date specified above, the Court will summarily dismiss this case.

Date:   August 12, 2019                    /s/ Hon. Elaine E. Bucklo
                                            United States District Judge